UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEETU CORP an Illinois Corporation, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No: 16-cv-7272 ) ) |
| ROVADA LLC, a California Limited Liability Company, and ROBERT LAVECCHIA, an individual, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Weetu Corp ("Weetu") complains against Rovada, LLC ("Rovada") and Robert Lavecchia ("Mr. Lavecchia") (collectively the "Defendants") as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this case raises a federal question.

2. This is an action arising under the Copyright Act, 17 U.S.C. §101 et.al.

3. The Court has personal jurisdiction over Rovada and Mr. Lavecchia because, among other things, they purposefully and voluntarily directed their activities toward this District. Namely, Rovada and Mr. Lavecchia deliberately and knowingly entered into a written agreement for services with Weetu, an Illinois corporation. Further, the parties expressly consented under the written agreement to be governed under the laws of Illinois and New York. In addition, Rovada has distributed products bearing the copyrighted work at issue through websites accessible in this District.

4. Venue is proper in this District under 28 U.S.C. §1391 because the original copyrighted work at issue in this case was created in this District.

1

**PARTIES**

5. Weetu is an Illinois corporation, though its current principal place of business is in New York, New York. Between February of 2008 and February of 2016, Weetu's principal place of business was in Chicago, Illinois. Weetu is a creative design and branding firm.

6. Rovada is a California limited liability company with its principal place of business in New York, New York. Rovada produces and distributes a premium Tetrahydrocannabinol ("THC") oil under the brand name OIL & GOLD.

7. Mr. Lavecchia is the principal moving spirit of Rovada, and is an individual residing, upon information and belief, in New York, New York. He derives an economic benefit from Rovada, including, but not limited to, a benefit from the revenues generated by Rovada.

**FACTS**

8. In April of 2015, Rovada engaged Weetu to create a sophisticated comprehensive brand to bring their OIL & GOLD product to the burgeoning medical marijuana market.

9. The parties accordingly entered into a written agreement for services (the "Agreement"). The Agreement states that Weetu owns all right, title, and interest in all intellectual property created under the Agreement (the "Copyrighted Works").

10. The Agremeent also states that "**Upon payment of all fees and expenses,**" Weetu "**may** grant reproduction and/or usage rights" to Rovada.

11. Weetu subsequently created original Copyrighted Works for Rovada under the Agreement, including, but not limited to, logos, photography, and package design.

12. Among the original Copyrighted Works created by Weetu under the Agreement is the Oil & Gold Logo and Oil & Gold Icon (the "Logo and Icon"). *See* Exhibit 1.

13. Weetu registered the Logo and Icon with the United States Copyright Office. *See* Exhibit 2.

14. Rovada has failed to pay "all fees and expenses" owed to Weetu for the various services it performed under the Agreement and for the Copyrighted Works it created under the Agreement.

15. Despite Rovada's non-payment, it displayed and continues to display produce, and/or distribute products bearing the Copyrighted Works on its OIL & GOLD products, including products bearing the Logo and Icon, which are available for sale at marijuana dispensaries across California.

16. On June 17, 2016, Weetu's counsel sent Rovada LLC, care of Robert Lavecchia and Davio Caridi, a cease and desist letter via email and Federal Express. The letter demanded that Rovada make full and complete payment under the Agreement and immediately cease and desist using Weetu's intellectual property (the "Cease and Desist") The Cease and Desist was delivered to Rovada LLC's principal place of business by Federal Express on June 21, 2016. Receipt of delievery of the Cease and Desist was acknowledged by receptionist's signature.

<u>**COUNT I -- COPYRIGHT INFRINGEMENT**</u>
<u>**(WEETU AGAINST ROVADA LLC)**</u>

17. Weetu alleges and incorporates paragraphs one (1) through sixteen (16) as though fully alleged herein.

18. This is a count for direct copyright infringement against Rovada, who violated the Copyright Act by infringing upon Weetu's exclusive rights to produce,

3

display, sell, distribute, transfer ownership, and/or authorize a sale to the public of the Copyrighted Works.

19. Weetu owns the Copyrighted Works set forth in Exhibit 1 and reflected by the application for registration in Exhibit 2.

20. The Copyrighted Works are wholly original to Weetu and constitute copyrightable subject matter.

21. Weetu has complied in all respects with the provisions of the Copyright Laws of the United States, 17 U.S.C. §§ 101-810.

22. Weetu has the exclusive rights and privileges provided for in the Copyright Act.

23. Weetu has applied for or secured copyright registration of the Copyrighted Work with the United States Copyright Office. A true and correct copy of the submitted application for Weetu's copyright registration is attached hereto as Exhibit 2.

24. Weetu is the sole owner of all rights, title and interest in and to the Copyrighted Work, which has never been assigned, licensed, or otherwise transferred to either of the Defendants.

25. Rovada had access to Weetu's Copyrighted Work.

26. Rovada has infringed upon Weetu's Copyrighted Work by infringing upon its exclusive right to produce, display, distribute, transfer ownership, and/or authorize a sale to the public of the Copyrighted Work.

27. Specifically, beginning on an unknown date, and continuing at least until the date of this filing, Rovada has infringed upon Weetu's Copyrighted Work by copying Weetu's work by placing it on Rovada's OIL & GOLD products and/or distributing those products to retail stores, dispensaries, and/or elsewhere.

28. Rovada's infringing conduct and activity was and continues to be willful and for the purpose of financial gain.

29. Rovada's OIL & GOLD products, at an absolute minimum, contain images that are substantially similar to the Copyrighted Work, and in fact, are identical to Weetu's Copyrighted Work.

30. Rovada knew or should have known that their copying, distribution and/or sale or display of products bearing the Copyrighted Work was unauthorized and illegal, and/or without the permission, license or consent of Weetu.

31. Rovada's actions described above have caused and will continue to cause irreparable harm and damage to Weetu, for which Weetu has no remedy at law.

32. Unless Rovada is restrained by this Court from continuing to infringe upon Weetu's Copyrighted Work, these injuries will continue to occur in the future.

WHEREFORE, Weetu seeks entry of relief as follows:

- A. Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

- B. An accounting and disgorgement of the Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the products bearing the Copyrighted Works with documents related to all of the purchases and sales;

- C. An Order requiring Rovada to pay Weetu such damages as Weetu has sustained as a consequence of Rovada's unlawful acts as alleged above, including actual damages and/or statutory damages, at Weetu's election, pursuant to 17 U.S.C. §502;

- D. An Order enjoining Rovada from further infringing upon Weetu's Copyrighted Work, pursuant to 17 U.S.C. §502;

- E. An Order requiring the Defendants to deliver for destruction all products, packaging, labels, literature, advertising and other material bearing imitations or reproductions, including similar variations of, Weetu 's Copyrighted Work pursuant to 17 U.S.C. §503;

F. An Order enjoining all retailers in this District and, to the extent permitted by law, other Districts, from further selling products bearing the Copyrighted Works and/or an Order requiring Rovada to notify all of the retailers selling the products bearing the Copyrighted Work of this Order;

G. For prejudgment interest at the applicable rate;

H. Punitive damages;

I. For attorneys' fees costs and costs of suit pursuant to 17 U.S.C. §505; and

J. For such other and further relief the Court deems proper.

### COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT
### (WEETU AGAINST ROBERT LAVECCHIA)

33. Weetu realleges paragraphs one (1) through thirty-two (32) as though they were alleged herein.

34. This is a count for vicarious copyright infringement against Robert Lavecchia, who had the right and ability to supervise the infringing action of Rovada, who he supervised, and Mr. Lavecchia 's ability to coalesce with an obvious and direct financial interest in the exploitation of the Copyrighted Work.

35. Mr. Lavecchia had the right and ability to supervise the infringing action of Rovada as alleged in Count I and throughout this Complaint, and that right and ability coalesces with an obvious and direct financial interest he had in the exploitation of the Copyrighted Work. As a result, Mr. Lavecchia is liable for vicarious copyright infringement.

36. Mr. Lavecchia and Rovada's actions described above have caused and will continue to cause irreparable harm and damage to Weetu, for which Weetu has no remedy at law.

6

37. Unless Mr. Lavecchia and Rovada are restrained by this Court from continuing to infringe upon Weetu's Copyrighted Work, these injuries will continue to occur in the future.

38. Weetu is accordingly entitled to injunctive relief restraining Mr. Lavecchia and Rovada from further infringement.

WHEREFORE, Weetu seeks entry of relief as follows:

A. Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

B. An accounting and disgorgement of the Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of products bearing the Copyrighted Work with documents related to all of the purchases and sales;

C. An Order requiring the Defendants to pay Weetu such damages as Weetu has sustained as a consequence of the Defendants' unlawful acts as alleged above, including actual damages and/or statutory damages, at Weetu's election, pursuant to 17 U.S.C. §502;

D. An order enjoining the Defendants from further infringing upon Weetu's Copyrighted Work, pursuant to 17 U.S.C. §502;

E. An Order requiring the Defendants to deliver for destruction all products, packaging, labels, literature, advertising and other material bearing imitations or reproductions, including similar variations of, Weetu's Copyrighted Work pursuant to 17 U.S.C. §503;

F. An Order enjoining all retailers in this District and, to the extent permitted by law, other Districts, from further selling the Infringing Apparel and/or an Order requiring the Defendants to notify all of the retailers selling the products bearing the Copyrighted Work of this Order;

G. For prejudgment interest at the applicable rate;

H. Punitive damages;

I. For attorneys' fees costs and costs of suit pursuant to 17 U.S.C. §505; and

J. For such other and further relief the Court deems proper.

**COUNT III – BREACH OF CONTRACT**
**(WEETU AGAINST ROVADA)**

39. Weetu realleges paragraphs one (1) through thirty-eight (38) as though they were alleged herein.

40. This count is for breach of contract against Rovada.

41. On or about April 2015, Weetu and Rovada entered into an enforceable written Agreement (the "Agreement").

42. Under the terms of the Agreement, Weetu agreed to render certain brand and product design services for Rovada in exchange for a fee.

43. Weetu rendered these services and performed all of its obligations under the Agreement.

44. Rovada breached the Agreement by failing to pay Weetu for the services it rendered.

45. Rovada also breached the Agreement by using Weetu's Copyrighted Work without permission or license.

46. As a result of Rovada's breach, Weetu has been damaged in an amount to be determined at trial.

WHEREFORE, Weetu seeks entry of an order of judgment in its favor on Count III in an amount to be determined at trial, and for such other and further relief the Court deems proper.

Respectfully Submitted,

*[signature]*

Vivek Jayaram, Esq.
Jayaram Law Group, Ltd.
33 N. LaSalle Street
Suite 2900
Chicago, IL 60602
vivek@jayaramlaw.com
Tel: 312.407.6904
Fax: 312.551.0322
Counsel for Weetu Corp